UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES-GENERAL

Case No.:  **CV 13-9112-PLA**                                                    Date: **January 31, 2017**

Title:   **Ray Webb v. J. Ackerman, et al.**

--------------------------------------------------------------------------------

PRESENT:  THE HONORABLE    **PAUL L. ABRAMS**

☐ U.S. DISTRICT JUDGE
☒ MAGISTRATE JUDGE

| **Christianna Howard** | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

**ATTORNEYS PRESENT FOR PLAINTIFF:**
NONE

**ATTORNEYS PRESENT FOR DEFENDANTS:**
NONE

**PROCEEDINGS:**      (IN CHAMBERS)

## I.
## BACKGROUND

On October 31, 2014, the Court issued its "Order Re: Discovery and Motions [Civil Rights]" in which it ordered each party to file and serve a status report on or before February 2, 2015, providing the Court, among other things, with an estimate of the time likely to be required for trial. (ECF No. 22 at 3).  Neither party filed a timely status report on February 2, 2015.  Instead, on February 4, 2015, plaintiff filed a status report in which he failed to address the issue of the time likely to be required for trial (ECF No. 32); on February 9, 2015, defendants filed their status report (ECF No. 29), after the Court issued an Order for defendants to show cause why sanctions should not be imposed for their failure to timely file their status report.  (ECF No. 28).  Defendants estimated that four court days would be required for the trial if plaintiff obtained counsel.  (ECF No. 29 at 3).

On February 17, 2015, the Court issued its "Order Re: Trial and Trial Preparation" ("Trial Prep. Order") (ECF No. 31), in which it set various pre-trial and trial deadlines, including the dates by which the parties must file motions in limine (Trial Prep. Order ¶ 3); file joint witness and joint exhibit lists (Trial Prep. Order ¶ 5A & B); lodge original exhibits and exhibit books, based on the Court's detailed instructions on the preparation of the exhibits and exhibit books (Trial Prep. Order ¶¶ 5C & D, 6); file joint proposed jury instructions, based on the Court's detailed instructions on the format to be used for those instructions (Trial Prep. Order ¶ 7); file their Memoranda of Contentions of Fact and Law (Trial Prep. Order § 4); lodge the final pretrial order (Trial Prep. Order ¶ 8); and file their trial briefs.  (Trial Prep. Order ¶ 9).  The parties were advised that "[f]ailure of any party or their counsel to comply with any of the provisions of this Order may result in sanctions being imposed."  (Trial Prep. Order ¶ 10).

On April 16, 2015, counsel appeared in this action on behalf of plaintiff.  (ECF No. 34).  In light of the parties' positions in the Joint Status Report filed on April 22, 2015 (ECF No. 36), the Court, on April 23, 2015, issued a "Revised Order Re: Trial and Trial Preparation" ("Revised Order"), in which it re-set various pre-trial and trial deadlines.  (ECF No. 37).  The Court set December 29, 2015, as the date by which the parties must lodge or serve

and file their motions in limine, memoranda of contentions of fact and law, joint witness list, joint exhibit list, and original exhibits and exhibit books. (Revised Order ¶¶ 3-6). The Court again provided detailed instructions on the preparation of these items. (Id.). The parties were again instructed on the procedure to follow regarding proposed joint jury instructions, which were to be filed no later than January 19, 2016. (Revised Order ¶ 7). The proposed final pretrial order was ordered to be filed no later than January 19, 2016 (Revised Order ¶ 8), and the parties' trial briefs were due no later than February 9, 2016. (Revised Order ¶ 9). The parties were again advised that "[f]ailure of any party or their counsel to comply with any of the provisions of this Order may result in sanctions being imposed." (Revised Order ¶ 10).

On December 29, 2015, and again on April 18, 2016, the Court modified the scheduling deadlines pursuant to the parties' Joint Stipulations (ECF Nos. 40, 41, 42, 44). On October 31, 2016, pursuant to another Joint Stipulation to modify the scheduling order (ECF No. 52), the Court set December 19, 2016, as the filing deadline for motions in limine; December 27, 2016, as the deadline for the parties to file their Memoranda of Contentions of Facts and Law, joint witness list, joint exhibit list, original exhibits and exhibit books, and joint jury instructions; January 5, 2017, for filing the proposed final pretrial order; January 17, 2017, for filing the parties' trial briefs; and January 23, 2017, for filing the proposed joint statement of the case. (ECF No. 53 ¶¶ 3, 5-10).

On December 15, 2016, pursuant to the parties' December 14, 2016, Joint Stipulation to modify the scheduling order (ECF No. 59), the Court again modified the scheduling order, and set December 26, 2016, as the filing deadline for motions in limine. (ECF No. 59 at 1). The Court stated that "**[a]ll other previously-set dates remain the same**." (ECF No. 59 at 2 (emphasis in original)). On December 19, 2016, defendants filed their motions in limine (ECF Nos. 63, 64); on December 26, 2016, plaintiff filed his motions in limine. (ECF Nos. 67, 68, 69).

On January 25, 2017, defendants filed Defendants' Witness List, including an estimate of the time needed at trial for each of defendants' 12 proposed witnesses (a total of 7.25 hours). (ECF No. 82). On the same date, defendants separately filed Defendants' Exhibit List and Defendants' Memorandum of Contentions of Fact and Law. (ECF Nos. 83, 84). Also on January 25, 2017, plaintiff separately filed Plaintiff's [Witness] List, including an estimate of the time needed at trial for each of plaintiff's 17 proposed witnesses (a total of 35 hours),[1] and Plaintiff's Exhibit List. (ECF Nos. 85, 86). These documents were filed well past the Court's December 27, 2016, deadline, and a number of the documents required to be lodged or filed as set forth in the Revised Order have never been filed.

## II.
## DISCUSSION

### A.     Witness Lists and Time Required for Trial

Although neither party complied with the Court's October 31, 2014, Order to provide the Court with a status report no later than February 2, 2015, defendants' status report complied with that part of the Court's October 31, 2014, Order to provide the Court with an estimate of the time likely to be required for trial. (See ECF No. 28 (estimating four days)). Plaintiff's status report did not provide his estimate of the time likely to be required for trial. (See ECF No. 32). Neither has counsel for plaintiff, in the almost two years since appearing in the action, provided the Court with his time estimate. When the Court set a trial date in this action, and continued the trial date on multiple occasions, it was based in part on the trial estimate provided by the parties. However,

---

[1]     Six of plaintiff's witnesses also appear on defendants' Witness List; the rest do not. (Compare ECF No. 82 with ECF No. 85).

the time estimates provided for the witnesses listed in the parties' separate Witness Lists show that testimony would easily exceed that which can reasonably be accomplished in a trial lasting four days based on testimony alone, without fully accounting for time for cross-examination, rebuttal, jury selection, opening statements, and arguments of counsel.

Having reviewed the various pleadings filed in this action, the Court has determined that plaintiff will be afforded **12 hours** to present his case, and defendants will be afforded **12 hours** to present their case. The 12-hour time limit per party **includes** time spent on direct and cross-examination, as well as opening statements and closing arguments. The parties' time estimates in their **Joint** Witness List should reflect these limits. The parties' separate Witness Lists (ECF Nos. 82, 85) are hereby **stricken** for failure to comply with Court orders.

### B.   Exhibit Lists

The parties failed to comply with the Court's Orders to file a joint exhibit list when they filed their separate Exhibit Lists. (ECF Nos. 83, 86). The Court's Trial Preparation Order and Revised Order also provided detailed instructions for the format to be used and the information to be included in preparing those items (ECF Nos. 31, 37), and the parties' separate and untimely-filed Exhibit Lists fail to provide the required information or follow the required format. For instance, neither list includes a separate column indicating whether the parties have stipulated to the admission of a particular exhibit. Accordingly, the parties' separate Exhibit Lists (ECF Nos. 83, 86) are hereby **stricken** for failure to comply with Court orders.

### C.   Trial Preparation Documents

Neither party complied with the Court's February 17, 2015, April 23, 2015, December 29, 2015, April 18, 2016, October 31, 2016, or December 15, 2016, Orders (collectively "Orders") regarding the filing of *any* of the trial preparation documents. (ECF Nos. 31, 37, 41, 44, 53, 59). Although, as discussed above, the parties *separately* filed witness and exhibit lists, and defendants have filed a Memorandum of Contentions of Fact and Law, none of those items was timely filed.

Moreover, the parties also failed to comply with the Court's Orders to timely file a joint witness list, joint exhibit list, original exhibits and exhibit books, joint proposed jury instructions,[2] a joint proposed final pretrial order, the parties' trial briefs, Memoranda of Contentions of Fact and Law, and a proposed joint statement of the case. (ECF Nos. 31, 37, 53). In fact, with the exception of defendants' untimely-filed Memorandum of Contentions of Fact and Law, as of the date of this Order, *none* of the other required documents have been lodged or filed.

Because plaintiff has failed to timely file his Memorandum of Contentions of Fact and Law, and all parties have completely failed to comply with the Court's Orders to timely file the joint exhibit and witness lists; original exhibits and exhibit books; joint proposed jury instructions; joint proposed final pretrial order; trial briefs; and joint statement of the case as required by the Court's Orders, **no later than February 10, 2017**, each party is ordered to show cause why sanctions should not issue for failure to comply with the Court's Orders. The filing of all of the documents required by the Court's Revised Order, **no later than February 10, 2017**, prepared and

---

[2] The Court's Revised Order provides that if the parties "cannot agree upon one complete set of substantive instructions, verdict forms and/or special interrogatories, they shall file . . . two documents with the Court: a *joint* document reflecting the agreed upon instructions, verdict forms, and interrogatories, and a second document in the form of a *joint* statement regarding the disputed instructions, verdicts and interrogatories," as further specified by the Court. (ECF No. 37 ¶ 7C-7E (emphasis added)).

lodged or filed in a manner fully consistent with the Revised Order, shall be deemed compliance with this Order to Show Cause. To be clear, the parties must comply with *all* of the procedures and formatting requirements set forth in the Court's Revised Order (ECF No. 37), including the in-person meet and confer requirement of paragraph 3 of the Revised Order.

**IT IS SO ORDERED**.


cc: Counsel of Record


Initials of Deputy Clerk      ch